# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| MARKISE HAMMONDS,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC. &<br>AMAZON.COM.DEDC LLC,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, MARKISE HAMMONDS, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint and files suit against Defendants, AMAZON.COM SERVICES, INC. & AMAZON.COM.DEDC LLC showing the court as follows:

## I. JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and III of this Complaint, which arise out of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2.This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and IV of this Complaint, which arise out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981").

3.Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Gainesville Division of the Northern District of Georgia.

4.Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II. PARTIES

5.Plaintiff is a citizen of the United States.

6.Defendant Amazon.com Services, Inc. is a Delaware corporation registered to conduct business in the State of Georgia.

7.Defendant AMAZON.COM.DEDC LLC is a Delaware corporation registered to conduct business in the State of Georgia.

8.In all relevant respects, Defendants are joint employers.

9.Defendant Amazon.com Services, Inc. may be served by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service

Company, 40 Technology Pkwy South, Suite 300, Norcross, Georgia 30092.

10.     Defendant AMAZON.COM.DEDC LLC may be served by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, 40 Technology Pkwy South, Suite 300, Norcross, Georgia 30092.

11.     Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

12.     Plaintiff is African-American.

13.     Defendants are an online retailer.

14.     Plaintiff was employed by Defendants from July 31, 2016 to July 24, 2017.

15.     Plaintiff was employed as an Area Manager in Defendants' Fulfillment Center located at 650 Broadway Ave, Braselton, Georgia 30517.

16.     During his employment with Defendants, Plaintiff received no write-ups or disciplinary actions.

17.     During his employment with Defendants, Plaintiff received no poor performance reviews.

18.     From the time of his hire until February 2017, Plaintiff's first-line supervisor was Ms. Sarah Phillips, Operations Manager.

19. Ms. Phillips is Caucasian.

20. During all relevant times, Plaintiff was the only African-African Manager under Ms. Phillips' supervision.

21. During all relevant times, Plaintiff's second-line supervisor was Mr. Mike Foster, Senior Operations Manager.

22. Mr. Foster is Caucasian.

23. From November 2016 to January 2017, Mr. Foster and Ms. Phillips made Plaintiff work more hours than his Caucasian counterparts.

24. These Caucasian counterparts are also Managers.

25. These Caucasian counterparts had similar duties to Plaintiff.

26. These Caucasian counterparts were in the same chain of command as Plaintiff.

27. From November 2016 to January 2017, Mr. Foster and Ms. Phillips made Plaintiff come to work on his off days.

28. Mr. Foster and Ms. Phillips did not make Plaintiff's Caucasian counterparts come to work on their off days during this same time period.

29. In January 2017, Plaintiff made a complaint of race discrimination to Defendants' Human Resources department.

30. No remedial action was taken by Defendants following Plaintiff's complaints.

31. In January 2017, Plaintiff's department was understaffed.

32. In January 2017, Plaintiff requested help on his line from Mr. Foster and Ms. Phillips.

33. Mr. Foster and Ms. Phillips refused to provide Plaintiff with help.

34. Mr. Foster and Ms. Phillips did not refuse to provide help to Plaintiff's Caucasian counterparts.

35. Mr. Foster and Ms. Phillips chastised Plaintiff for asking for help.

36. Following the end of Plaintiff's shift, Mr. Foster grabbed Plaintiff's arm.

37. Such physical violence is grounds for termination.

38. Plaintiff filed a report against Mr. Foster with Human Resources.

39. No remedial action was taken.

40. Mr. Foster was not terminated or disciplined by Defendants.

41. In February 2017, Defendants assigned Ms. Eve Green, Operations Manager, as Plaintiff's supervisor.

42. Ms. Green is African-American.

43. In March 2017, Mr. Foster attempted to place Plaintiff on a Performance

Improvement Plan.

44. Ms. Green refused to place Plaintiff on a Performance Improvement Plan.

45. In April 2017, Mr. Foster refused to approve Plaintiff's vacation days.

46. Plaintiff's Caucasian counterparts' vacation days were not denied.

47. On June 14, 2017, Plaintiff made a complaint of discrimination to Defendants.

48. Following his complaint, Plaintiff was accused of violating an unspecified rule by Defendants.

49. Defendants' Safety Specialist, Mr. Ross Butler, indicated he would review video footage to find a safety violation.

50. Mr. Butler is Caucasian.

51. Approximately two weeks later, Plaintiff was suspended.

52. Plaintiff was not given specific details as to what safety rule he allegedly violated.

53. On July 10, 2017, Plaintiff complained to Defendants' ethics hotline regarding Mr. Foster.

54. Plaintiff made an additional complaint of race discrimination during a call to the ethics hotline.

55. Plaintiff was terminated by Defendants via voicemail on July 14, 2017.

56. Plaintiff was not informed as to why he was terminated.

57. Several African-American Managers reporting to Mr. Foster were terminated immediately following Plaintiff's termination.

58. No Caucasian Managers reporting to Mr. Foster were terminated.

59. Plaintiff filed a claim with the Equal Employment Opportunity Commission, Charge Number 410-2018-02327.

60. Defendants later alleged that Plaintiff committed a Category 1 Offense.

61. Category 1 Offenses may result in termination.

62. Upon information and belief, Caucasian employees comparable to Plaintiff have been accused of Category 1 Offenses without subsequent termination.

63. Plaintiff received his Notice of Right to Sue on August 20, 2018.

## IV.  CLAIMS FOR RELIEF

### Count I:  Race Discrimination Under Title VII

64. Plaintiff reasserts and incorporates Paragraphs 1 through [63] of this Complaint as if fully set forth herein.

65. Plaintiff is a member of a protected class by virtue of his race. *Para. 12*.

66. Plaintiff was qualified for the position at issue. *Paras 16-17*.

67. Plaintiff suffered the adverse action of termination. *Para. 55.*

68. Plaintiff was treated differently by Defendants than his comparable Caucasian counterparts, which demonstrates discriminatory animus. *Paras. 23-28, 33-34, 45-46.*

69. The termination of other African-American Managers and not Caucasian Managers demonstrates discriminatory animus. *Paras. 57-58.*

70. Defendants' reasoning for Plaintiff's termination is pretextual. *Paras. 52, 56, 60-62.*

## Count II: Race Discrimination Under Section 1981

71. Plaintiff reasserts and incorporates Paragraphs 1 through [70] of this Complaint as if fully set forth herein.

72. Plaintiff is a member of a protected class by virtue of his race. *Para. 12.*

73. Plaintiff was qualified for the position at issue. *Paras. 16-17.*

74. Plaintiff suffered the adverse action of termination. *Para. 55.*

75. Plaintiff was treated differently by Defendants than his comparable Caucasian counterparts, which demonstrates discriminatory animus. *Paras. 23-28, 33-34, 45-46.*

76. The termination of other African-American Managers and not Caucasian

Managers demonstrates discriminatory animus. *Paras. 57-58.*

77. Defendants' reasoning for Plaintiff's termination is pretextual. *Paras. 52, 56, 60-62.*

## Count III:  Retaliation Under Title VII

78. Plaintiff reasserts and incorporates Paragraphs 1 through [77] of this Complaint as if fully set forth herein.

79. Plaintiff's January 2017 race discrimination complaint constitutes a protected activity under Title VII. *Para. 29.*

80. Plaintiff's verbal discipline constitutes an adverse action under Title VII. *Para. 35.*

81. Plaintiff's January 2017 complaint of violence constitutes a protected activity under Title VII. *Para. 38.*

82. Threats to place Plaintiff on a Performance Improvement Plan constitutes an adverse action under Title VII. *Para. 43.*

83. Plaintiff's June 14, 2017 discrimination complaint constitutes a protected activity under Title VII. *Para. 47.*

84. Plaintiff's suspension constitutes an adverse action under Title VII. *Para. 51.*

85. Plaintiff's termination constitutes an adverse action under Title VII. *Para. 55.*

86. The progression of adverse actions following Plaintiff's reports of discrimination shows causation.

### Count IV:  Retaliation Under Section 1981

87. Plaintiff reasserts and incorporates Paragraphs 1 through [86] of this Complaint as if fully set forth herein.

88.  Plaintiff's January 2017 race discrimination complaint constitutes a protected activity under Section 1981. *Para. 29.*

89. Plaintiff's verbal discipline constitutes an adverse action under Section 1981. *Para. 35.*

90. Plaintiff's January 2017 complaint of violence constitutes a protected activity under Section 1981. *Para. 38.*

91. Threats to place Plaintiff on a Performance Improvement Plan constitutes an adverse action under Section 1981. *Para. 43.*

92. Plaintiff's June 14, 2017 discrimination complaint constitutes a protected activity under Section 1981. *Para. 47.*

93. Plaintiff's suspension constitutes an adverse action under Section 1981.

*Para. 51.*

94. Plaintiff's termination constitutes an adverse action under Section 1981.

*Para. 55.*

95. The progression of adverse actions following Plaintiff's reports of discrimination shows causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Date: November 15, 2018.

Respectfully submitted,

THE KIRBY G. SMITH LAW FIRM, LLC

<u>s/Amanda M. Brookhuis</u>
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15th of November, 2018.

                                THE KIRBY G. SMITH LAW FIRM, LLC

                                s/Amanda M. Brookhuis
                                Amanda Brookhuis
                                Georgia Bar No. 601396
                                Kirby G. Smith
                                Georgia Bar No. 250119
                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 15th of November, 2018.

                                             THE KIRBY G. SMITH LAW FIRM, LLC

                                             <u>s/Amanda M. Brookhuis</u>
                                             Amanda Brookhuis
                                             Georgia Bar No. 601396
                                             Kirby G. Smith
                                             Georgia Bar No. 250119
                                             *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com